**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Electric Capital Corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>Pizza Project, LLC, et al.,<br><br>           Defendants. | No. CV-13-01431-PHX-PGR<br><br>ORDER |

In a complaint filed on July 16, 2013, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by

amendment.")

The existence of diversity jurisdiction is not evident from the face of the complaint inasmuch as the complaint fails to properly allege the citizenship of either defendant. First, Pizza Project, LLC is merely alleged to be a Nevada limited liability company with its principal place of business in Salt Lake City, Utah. This jurisdictional allegation is insufficient as a matter of law inasmuch as the complaint improperly attempts to allege the citizenship of Pizza Project as if it is a corporation notwithstanding that it has been clearly established for years that a limited liability company cannot be treated as a corporation for purposes of alleging citizenship under § 1332. *See* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") Since the complaint fails to set forth the citizenship of any member of Pizza Project, the Court will require the plaintiff to specifically identity in its amended complaint each LLC member by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[1]

Second, James Taggart is merely alleged to reside in Draper, Utah. This allegation is facially deficient because it is black letter law that an allegation of residency does not suffice for purposes of § 1332. *See* Steigleder v. McQuesten,

---

[1] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members Pizza Project may have.

1  198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The plaintiff is advised that its failure to timely or sufficiently comply with this Order will result in the dismissal of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the complaint in this action is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than **August 5, 2013.**[2]

IT IS FURTHER ORDERED that the plaintiff shall immediately provide a

/ / /
/ / /
/ / /
/ / /

---

[2] The plaintiff is advised that the complete capitalization of a party's name in the caption of any document filed with the Court violates LRCiv 7.1(a)(3) unless that party's name is completely capitalized in its normal use. The caption of the amended complaint must comply with the local rule.

1  copy of this Order to any defendant already served with process.
2       DATED this 23rd day of July, 2013.

       Paul G. Rosenblatt
       United States District Judge